# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  61348-4-II |
| Respondent, | |
| v. | |
| AMANDA CHRISTINE KNIGHT, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Amanda C. Knight appeals the sentence imposed after her resentencing on two counts of first degree robbery, two counts of second degree assault, and one count of first degree burglary, all with firearm sentencing enhancements.  Knight urges this court to overturn well-established Washington Supreme Court precedent and remand to the sentencing court to exercise discretion in imposing the firearm sentencing enhancements concurrently rather than consecutively.  And, in her statement of additional grounds (SAG),[1] Knight argues that the sentencing court improperly believed that it did not have the discretion to grant her request for an exceptional sentence below the standard range.  We affirm.

## FACTS

In 2011, Knight was found guilty of first degree felony murder, two counts of first degree robbery, two counts of second degree assault, and first degree burglary after a home invasion

---

[1] RAP 10.10.

robbery.[2] All the charges included firearm sentencing enhancements. Knight was sentenced to a total of 860 months of confinement.

Knight's convictions and sentence were affirmed on appeal and in a first personal restraint petition (PRP). *State v. Knight*, 176 Wn. App. 936, 941, 963, 309 P.3d 776 (2013), *review denied*, 179 Wn.2d 1021 (2014); *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 342, 473 P.3d 663 (2020). However, in 2023, our Supreme Court granted Knight's second PRP and vacated Knight's conviction for first degree felony murder conviction—predicated on the first degree robbery of a safe—for which there was insufficient evidence. *In re Pers. Restraint of Knight*, 2 Wn.3d 345, 347, 538 P.3d 263 (2023) (plurality opinion).

The parties agreed on Knight's offender score and standard sentencing ranges for the two counts of first degree robbery (counts II and IV), two counts of second degree assault (counts III and V), and first degree burglary (count VI):

2.3 **SENTENCING DATA:**

| COUNT NO. | OFFENDER SCORE | SERIOUSNESS LEVEL | STANDARD RANGE (not including enhancements) | PLUS ENHANCEMENT S* | TOTAL STANDARD RANGE (including enhancements) | MAXIMUM TERM |
|---|---|---|---|---|---|---|
| II | 8 | IX | 108-144 MONTHS | 60 MONTHS | 168-204 MONTHS | LIFE |
| III | 8 | IV | 53-70 MONTHS | 36 MONTHS | 89-106 MONTHS | 10 YRS |
| IV | 8 | IX | 108-144 MONTHS | 60 MONTHS | 168-204 MONTHS | LIFE |
| V | 8 | IV | 53-70 MONTHS | 36 MONTHS | 89-106 MONTHS | 10 YRS |
| VI | 8 | VII | 72-102 MONTHS | 60 MONTHS | 137-162 MONTHS | LIFE |

Clerk's Papers at 704.

Knight requested an exceptional sentence below the standard sentencing range. In her sentencing brief, Knight argued for a total sentence of 168 to 204 months (14 to 17 years). Knight

---

[2] The facts of the home invasion robbery and death of James Sanders have been set out in detail in Knight's prior appeals and personal restraint petitions and do not need to be repeated here. *See State v. Knight*, 176 Wn. App. 936, 941-44, 309 P.3d 776 (2013), *review denied*, 179 Wn.2d 1021 (2014); *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 333-35, 473 P.3d 663 (2020); *In re Pers. Restraint of Knight*, 2 Wn.3d 345, 347-48, 538 P.3d 263 (2023) (plurality opinion).

reached this result by arguing that, in addition to exceptional sentences below the standard range on each count, the sentencing court should run the five firearm sentencing enhancements concurrently to each other.

In support of her request for an exceptional sentence below the standard sentencing range, Knight provided hundreds of pages of mitigation evidence. Knight provided extensive evidence of her rehabilitative efforts in prison such as her employment as a service dog trainer with Prison Pet Partnership, her training as a technical drafter, and her two associate degrees. Knight also provided documentation about her positive contributions toward her prison community and numerous letters of recommendation and support. And Knight provided in her mitigation package a psychological evaluation documenting her difficult childhood and discussing the potential impact of Knight's age at the time of the crime (21 years of age).

Knight's resentencing hearing was held in January 2025. The sentencing court informed the parties that it had reviewed all of the briefing and materials that had been submitted. The sentencing court heard testimony from Dr. Kristin Carlson, the psychologist who performed Knight's psychological evaluation. The sentencing court also heard victim impact statements, a statement in support of Knight, and Knight's own statement of remorse.

At the resentencing hearing, Knight abandoned her request that the sentencing court modify the firearm sentencing enhancements by running them concurrently. Instead, Knight requested that the sentencing court impose a sentence of 21 years based on imposing all firearm sentencing enhancements consecutively with "[e]ither no sentence on the felonies or a nominal sentence on the felonies." Verbatim Rep. of Proc. (VRP) at 10. Consistent with its briefing, the State requested a high-end standard range sentence on each conviction and argued that the firearm sentencing enhancements were mandatory and had to be imposed consecutively.

After hearing the presentations and arguments from both parties, the sentencing court took a short recess to consider the sentence. Upon resumption of the sentencing hearing, the sentencing court stated its understanding that the exceptional sentence that Knight requested was based on the term of the mandatory firearm sentencing enhancements:

> I'm being requested and urged to give an exceptional sentence downward from the standard range. The amount now requested—I will call it "by amendment" from the paperwork that was originally submitted is that of 21 years, which coincidentally matches and marries up to that of the exact amount the legislature mandated for the firearm enhancement—sentence enhancements for each of the individual remaining crimes. That's 21 years. The Court has no discretion in that. The legislative policy is clear. The case law is clear for people, such as Ms. Knight—individuals, such as Ms. Knight, who have been convicted of the same, that each separate and distinct event will result in consecutive time imposed for each of the crimes involving a firearm.
> While it appears that the Court is being invited to deviate in some respect from that, to the extent that is being requested of me, I'm going to decline that invitation.
> The Court is disinclined to make new policy to legislate from the bench and is compelled to follow what the Court understands is the mandates from our legislature as well as the guidance and requirements from our appellate-level courts, including that of our Court of Appeals and that of our Washington State Supreme Court.

VRP at 66-67. The sentencing court also considered the evidence of mitigation and declined to impose an exceptional sentence below the standard range:

> What I'm being asked to do is impose—by the defense, to impose a downward exceptional sentence, which serves to say that as far as the convicted crimes, no time should be imposed if I was to adopt the recommendation, as I understand it, from the defendant. I'm disinclined to do that, and I'm not going to accept that invitation to do so.
> I congratulate Ms. Knight on all of her successes and her efforts to improve herself, to all of the work that she has done to enhance—I will say, not just the women's prison community, but that of training animals, all of the self-help that she has done, gaining her associate's degree, and a history, which is replete of banner effort to improve herself to be a better person, to be a more productive member of our community, ultimately. I have considered, that among other things.
> I heard the testimony of Dr. Carlson, and I have reviewed the report. I have considered that as well.

Notwithstanding the historical criteria considered by Dr. Carlson and identified in the mitigation packet with some great detail, under the circumstances, one could continue to wonder and suggest that Ms. Knight was—despite all of the challenges noted in her past history and based on her experiences prior to 2011, she also could be characterized a phoenix rising from the ashes of those challenges.

She graduated from Sumner High School. She was accepted, enrolled, and attended University of Washington. She later completed a voc[ational] technical course. She finished that course and became certified secondary to that course in the dental professional realm and become employed and was gainfully employed for some time.

There has been much to say about impulse control. And from the Court's considered opinion, impulse control is something that I have considered or the absence of it. I find that it is more material to the consequences of the homicide, which is to say, the murder has been vacated.

But there was a plan to go to the Sanders' home. There was a plan to rob them and use a gun. There was a plan to tie them up, bind them. Therefore, there was a plan for trauma of the assault. All of those things were foreseeable under the circumstances. Therefore, I cannot conclude, as a matter of course, that those events were impulsive.

VRP at 67-69.

Ultimately, the sentencing court imposed standard range sentences toward the high end of the range on each conviction to be served concurrently. The sentencing court also imposed all firearm sentencing enhancements to be served consecutively to the sentences on the convicted crimes and to each other, for a total of 390 months of confinement.

Knight appeals.

ANALYSIS

On appeal, Knight argues that this court should reverse Washington Supreme Court precedent and remand to the sentencing court to allow the sentencing court to exercise discretion in the imposition of the firearm sentencing enhancements. In her SAG, Knight argues that the sentencing court erroneously believed it did not have the authority to impose an exceptional sentence below the standard range.

A.     LEGAL PRINCIPLES

A standard range sentence is not appealable. RCW 9.94A.585(1); *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." *McFarland*, 189 Wn.2d at 56. As a result, a defendant may not challenge the length of their standard range sentence, but they may seek review of the sentencing court's refusal to exercise its discretion or to impose an exceptional sentence for impermissible reasons. *Id*.

We review the sentencing court's denial of a request for an exceptional sentence for an abuse of discretion. *Id*. The sentencing court abuses its discretion in imposing a sentence when "'it refuses categorically to impose an exceptional sentence below the standard range under any circumstances'" or refuses to exercise its discretion due to a "'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *Id.* (alteration in original) (first quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998); then quoting *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

B.     FIREARM SENTENCING ENHANCEMENTS

Knight argues that the sentencing court failed to exercise discretion related to the imposition of the firearm sentencing enhancements. While Knight recognizes that our Supreme Court has held that firearm sentencing enhancements must be imposed consecutively to both the base standard range sentence and to each other, Knight nonetheless asks us to not follow this precedent because it is "incorrect and harmful." Br. of Appellant at 9.

RCW 9.94A.533(3) governs firearm sentencing enhancements and mandates that sentences for firearm enhancements run consecutively:

(e) Notwithstanding any other provision of law, all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter.

Over 20 years ago, our Supreme Court held that the plain language of this provision was clear that firearm sentencing enhancements are mandatory and may not be modified by an exceptional sentence below the standard range. *State v. Brown*, 139 Wn.2d 20, 27-29, 983 P.2d 608 (1999).[3] Recently, our Supreme Court affirmed this holding as it applies to adult offenders. *State v. Kelly*, 4 Wn.3d 170, 192, 561 P.3d 246 (2024) ("This language [in RCW 9.94A533(3)(e)] does not imply that a sentencing court has discretion to impose an exceptional sentence with respect to firearm enhancements."). And our Supreme Court explicitly rejected arguments that *Brown* should be overturned because the appellant failed to show that *Brown*'s interpretation was incorrect, especially given that the legislature had taken no action to amend the statute in the years following *Brown*. *Id.* at 192-94.

Here, Knight urges us to not follow *Brown* based on her assertion that it is incorrect and harmful. But we are bound by the controlling authority of our Supreme Court, and we do not have the authority to disregard the decisions in *Brown* and *Kelly*. *State v. Gore*, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984) ("[O]nce [the Washington Supreme Court] has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by [the Washington Supreme Court]," and it is error for appellate courts to fail to follow such authority.); *see also e.g.*, *State v. Brown*, 13 Wn. App. 2d 288, 291, 466 P.3d 244 ("[A] decision by the Washington

---

[3] *Brown* addresses a prior version of RCW 9.94A.533(3)(e), which was codified as RCW 9.94A.310(4)(e) at the time. 139 Wn.2d at 26.

Supreme Court is binding on all lower courts of the state."), *review denied*, 196 Wn.2d 1013 (2020).

We reject Knight's contention that we should decline to follow Washington Supreme Court precedent requiring that firearm sentencing enhancements be imposed consecutively. And the sentencing court properly recognized and followed this precedent when imposing Knight's sentence. Accordingly, the sentencing court did not abuse its discretion in imposing mandatory, consecutive firearm sentencing enhancements.

C.      EXCEPTIONAL SENTENCE BELOW THE STANDARD RANGE

In her SAG, Knight argues that the sentencing court failed to exercise its discretion to impose an exceptional sentence below the standard range based on its belief that it did not have the discretion to impose an exceptional sentence below the standard range. We disagree.

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the sentencing court may impose an exceptional sentence if it finds "that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. The SRA provides a nonexclusive list of mitigating factors the sentencing court may consider. RCW 9.94A.535(1). As long as the sentencing court "has considered the facts and has concluded that there is no basis for an exceptional sentence,'" it has appropriately exercised its discretion, and the defendant cannot appeal the resulting standard range sentence. *State v. Mandefaro*, 14 Wn. App. 2d 825, 833, 473 P.3d 1239 (2020) (quoting *Garcia-Martinez*, 88 Wn. App. at 330)).

Here, the record belies Knight's assertion that the sentencing court failed to appreciate its discretion to impose an exceptional sentence below the standard range.[4] The sentencing court did

---

[4] To the extent Knight's argument conflates the sentencing court's authority with regard to imposing standard ranges sentences for crimes with imposing sentences for firearm sentencing

not in any way limit the evidence, information, or arguments that could be presented at Knight's sentencing. Nothing in the sentencing court's ruling indicates that it was refusing to consider the request for the exceptional sentence below the standard range or that it believed that it did not have the discretion to impose an exceptional sentence below the standard range. In fact, the sentencing court's ruling demonstrated that it considered each of Knight's arguments for mitigation and determined that they did not warrant an exceptional sentence below the standard range. The sentencing court did not fail to appreciate or exercise its discretion in considering Knight's request for an exceptional sentence below the standard range.

We affirm Knight's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Cruser, J.

_____
Veljacic, C.J.

---

enhancements, we address the sentencing court's authority with regard to imposing sentences for the firearm sentencing enhancements in the section above.